## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY TOTHERO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| GC SERVICES, LP, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

JEFFREY TOTHERO Plaintiff, through his attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP, Defendant:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Pennsylvania, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bressler, Pennsylvania and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3*).*

6. Pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt

collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is debt collection company located in Houston, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection telephone calls to Plaintiff in an attempt to collect an alleged debt.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. Defendant places collection calls to Plaintiff at 717-648-4334.

13. In or around 2015, Defendant placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative, "Donia Lanto," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A."

15. In the voicemail message, Defendant's representative, "Donia Lanto," directed Plaintiff

to return the call to 800-285-3417 or 815-577-3602, which are numbers that belong to Defendant. *See* Exhibit "A."

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    b. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, JEFFREY TOTHERO, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

20. Any other relief that this Honorable Court deems appropriate.

Dated:        June 25, 2015              By:  /s/ Michael Siddons
                                              Michael Siddons
                                              The Law Firm of Michael Alan Siddons
                                              230 N. Monroe St
                                              Media, PA 19603
                                              Telephone:  (484) 614-6546
                                              msiddons@siddonsslaw.com
                                              Attorney for Plaintiff